NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 5 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WELLS FARGO BANK, N.A., as Trustee for Option One Mortgage Loan Trust 2007-5 Asset-Backed Certificates, Series 2007-5, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> FIDELITY NATIONAL TITLE INSURANCE COMPANY, <br><br> Defendant-Appellee. | No.   19-17332 <br><br> D.C. No. 3:19-cv-00241-MMD-WGC <br><br><br> MEMORANDUM* |

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, Chief District Judge, Presiding

Argued and Submitted October 20, 2021
San Francisco, California

Before:  WALLACE and GOULD, Circuit Judges, and VITALIANO,** District
Judge.

Plaintiff-Appellant Wells Fargo Bank, N.A., (Wells Fargo) appeals from the

district court's order granting Defendant-Appellee Fidelity National Title

---

\*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The Honorable Eric N. Vitaliano, United States District Judge for the
Eastern District of New York, sitting by designation.

Insurance Company's (Fidelity) motion to dismiss without leave to amend. We have jurisdiction under 28 U.S.C. § 1291. We review a dismissal without leave to amend *de novo* and a dismissal is appropriate only "when it is clear that the complaint cannot be saved by further amendment." *Dumas v. Kipp*, 90 F.3d 386, 389 (9th Cir. 1996) (citation omitted). For the following reasons, we vacate and remand so that the district court may consider whether leave to amend is appropriate in light of newly discovered evidence.

At the outset, we acknowledge that the district court did not expressly decide the issue of leave to amend and dismissed several of Wells Fargo's claims without prejudice. But although Wells Fargo did not file a motion for leave to amend, it did request leave to amend in its opposition brief to Fidelity's motion to dismiss. *See* Dist. Ct. Dkt. No. 7 at 23 ("If the Court is persuaded that Wells Fargo has not pled the 'who, what, when, how, and why' to support its claim for violation of NRS § 686A.310, Wells Fargo requests permission of this Court to seek leave to amend its Complaint to include the necessary allegations"). To be sure, Wells Fargo did not provide the district court with a proposed amended complaint or any information about what it would add to its complaint. It was only on appeal, where Wells Fargo indicated that had it been granted leave to amend its complaint it would have added allegations pertaining to Fidelity's endorsement manuals. However, because the issue was expressly brought before the district court, "raised

2

on appeal, and fully briefed by both parties, it is subject to review by this court." *U.S. v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011); *see also Kimes v. Stone*, 84 F.3d 1121, 1126 (9th Cir. 1996) (holding that we may consider an issue raised for the first time on appeal when it is purely a question of law and consideration of the issue will not prejudice the opposing party).

In addition, we granted Wells Fargo's motion to take judicial notice of an order by the district court in *HSBC Bank USA, N.A. v. Fid. Nat'l Title Grp.*, a different but closely related case involving identical claims. *See* 2021 WL 1579896 (D. Nev. Apr. 22, 2021); Dkt. No. 86. In that order, the same district court judge acknowledged the existence of certain Fidelity's claims manuals as newly discovered evidence that is potentially relevant to the underlying claims and stated that if we "were to remand the case, the [district court] would grant the motion for reconsideration to permit Plaintiff to amend its complaint." *HSBC*, 2021 WL 1579896 at *4. We do not take this statement lightly, as the district court judge is well aware that there are several cases against Fidelity involving the same underlying claims before her and on appeal before our court. *See e.g.*, *Deutsche Bank Nat'l Tr. Co. v. Fid. Nat'l Title Ins. Co.*, No. 20-15849; *HSBC Bank USA, N.A. v. Fid. Nat'l Title Ins. Co.*, No. 20-15387. By taking judicial notice, we allowed Wells Fargo to introduce the district court's *HSBC* order and Fidelity's claims manuals into the record of this case.

Moreover, Fidelity's claims manuals are clearly relevant to Wells Fargo's claims in this case. In a related case with identical claims against Fidelity, we held that the Fidelity insurance claims manual is "probative of a variety of insurance products Fidelity offered that provide title insurance for property located within a homeowners' association." *Deutsche Bank Nat'l Tr. Co. v. Fid. Nat'l Title Ins. Co.*, No. 20-15849, 2021 WL 5002215, at *1 (9th Cir. Oct. 28, 2021). Thus, the manual is clearly probative to the same claims that Wells Fargo raises here. For instance, the manual could be read to support the amendment of Wells Fargo's statutory claim for unfair claims settlement practices and misrepresentation under NRS § 686A.310. Similarly, since Nevada law permits courts to consider the custom and practices of the trade even when construing a contract that is unambiguous in its terms, *see Galardi v. Naples Polaris, LLC*, 301 P.3d 364, 367 (Nev. 2013), the manual might be relevant to the breach of contract claim as well.

Because we vacate and remand so that the district court may consider Fidelity's claims manual in deciding Wells Fargo's request for leave to amend, we need not decide the merits of whether the original complaint sufficiently pleaded claims for relief.

**VACATED AND REMANDED**.